In the Matter of ESTABLISHMENT IN-
SPECTION OF ASARCO, INCORPO-
RATED, Amarillo Copper Refinery
Amarillo, Texas.

Civ. A. No. CA-2-80-119.

United States District Court,
N. D. Texas,
Amarillo Division.

Feb. 27, 1981.

Alan Jones, Underwood Law Firm, Amarillo, Tex., for Asarco.

Barbara Heptig, Dallas, Tex., for Dept. of Labor.

## MEMORANDUM OPINION

MARY LOU ROBINSON, District Judge.

The Secretary of the United States Department of Labor (Secretary) appeals from a decision of the Honorable Robert R. Sanders, Magistrate for the Northern District of Texas, denying the issuance of a wall-to-wall safety and health inspection warrant. The questions on appeal are (1) whether the Magistrate improperly denied the Occupational Safety and Health Administration (OSHA) a wall-to-wall inspection warrant of the ASARCO refinery in Amarillo, Texas, and (2) whether the Magistrate improperly limited the Secretary to citing only the violations of OSHA regulations specified in the affidavit of the area director.

## I.

On March 10, 1980, OSHA compliance officials, acting upon complaints of ASARCO employees, arrived at the ASARCO refinery in Amarillo, Texas, for the purpose of conducting a safety and health inspection. According to ASARCO's brief, ASARCO officials refused to permit the inspection explaining that ASARCO officials were inspecting the refinery at that time and suggesting that the OSHA inspection be deferred for one week. The OSHA officials did not return. On April 21, 1980, the area director of OSHA applied to the United States Magistrate for an inspection warrant authorizing a wall-to-wall inspection of the ASARCO refinery.

On April 30, 1980, the Magistrate ordered a show cause hearing. At the hearing OSHA offered the affidavit of the area director to show probable cause. In the affidavit the area director described the receipt of several employee complaints and alleged that the employee allegations constituted violations of specific provisions of the Occupational Health and Safety Act (Act) and the regulations promulgated under it.

After the hearing the Magistrate issued a warrant authorizing entry and inspection of the ASARCO refinery. The scope of the warrant covered all areas included in the director's affidavit with the exception of the all-encompassing area covered by the general allegations of excessive noise and poor housekeeping throughout the work place. The Magistrate limited OSHA's authority under the warrant to determining whether the violations alleged in the director's affidavit actually existed. The Magistrate orally informed the OSHA director that he would entertain an application for an additional warrant should the agency particularize its general allegations of excessive noise and poor housekeeping. The Magistrate further informed the director that an additional warrant would

issue if the limited inspection produced probable cause to believe that additional violations existed in the ASARCO refinery. OSHA refused to proceed under the warrant issued by the Magistrate. The Secretary of Labor appeals the denial of the wall-to-wall inspection warrant to OSHA.

## II.

Section 8(f) of the Occupational Safety and Health Act (Act) provides a mechanism whereby employee complaints of unsafe conditions in the work place may be investigated. Under Section 8(f)(1) any employee or employee representative may report to OSHA any condition suspected to be a violation of a health and safety standard under the Act. Upon receipt of such a report an inspection of the work place will be ordered if the Secretary determines there are reasonable grounds to believe that a violation of an agency regulation exists. If the employer confronted with an OSHA inspection refuses to allow entry and inspection of the work place the Secretary must obtain a warrant before proceeding further. *Marshall v. Barlow's Inc.*, 436 U.S. 307, 98 S.Ct. 1816, 56 L.Ed.2d 305 (1979).

The Fourth Amendment requires that a warrant authorizing an inspection or search must be supported by probable cause. Probable cause in the context of an administrative inspection is "the standard by which a particular decision to search is tested against the constitutional mandate of reasonableness." *Camara v. Municipal Court*, 387 U.S. 523, 534, 87 S.Ct. 1727, 1733, 18 L.Ed.2d 930 (1967). Probable cause to issue a warrant exists if, in the applicable factual context, the extent of the invasion of privacy which the inspection entails is reasonable in light of the government's interest in the inspection. *Michigan v. Tyler*, 436 U.S. 499, 98 S.Ct. 1942, 56 L.Ed.2d 486 (1978).

The Secretary contends that the issuance of a wall-to-wall inspection warrant, in any case based upon the complaint of an employee, is constitutionally reasonable in view of the remedial objective of the Act, i. e. providing for a safe and healthy work place. Alternatively the Secretary contends that a wall-to-wall warrant should have issued in this case because the employee complaints were so pervasive and covered so much of the work place as to provide probable cause to believe that violations existed throughout the refinery.

The contention that the remedial objectives of the Act mandate the issuance of a wall-to-wall inspection warrant in any case initiated under Section 8(f)(1) was addressed by the Eighth Circuit in *Marshall v. Central Mine and Equipment Company*, 608 F.2d 719 (8th Cir. 1979). There the court reversed on jurisdictional grounds the decision of a district court in a collateral proceeding to quash a wall-to-wall warrant issued previously by a magistrate. During the course of its opinion the court rejected the contention urged by the Secretary in this case:

> "*Michigan v. Tyler*, therefore, appears to require that an OSHA search made pursuant to a specific report of a violation be no more intrusive than necessary to investigate that violation. In cases such as this, in which the work place is large and compartmentalized, the geographic scope of the inspection may be limited without rejection or diminution of the government's legitimate interest in correcting the alleged violation..." Id. at 721.

In *Burkhart Randall Division of Textron v. Marshall*, 625 F.2d 1313 (7th Cir. 1980), the Seventh Circuit approved the issuance of a wall-to-wall inspection warrant on facts indicating that hazardous conditions existed throughout the work place. Only Judge Sprecher, writing for the majority, believed that a wall-to-wall warrant was constitutionally permissible in any case initiated under Section 8(f)(1). The other judges, in separate opinions, concluded that the Fourth Amendment required that the scope of a Section 8(f)(1) warrant be tailored to the specific showing of probable cause.

In *North American Car Co. v. Marshall*, 626 F.2d 320 (3rd Cir. July 1980), the Third Circuit rejected the contention that the issuance of a wall-to-wall inspection warrant

is mandatory in Section 8(f)(1) cases. The court reached its conclusion by reading Section 8(f)(1) in light of the procedural limitations imposed by Congress in Sections 8(b) through 8(d).

 After a review of the above authority the Court concludes that Section 8(f)(1) does not mandate the issuance of a wall-to-wall inspection warrant in every case initiated by an employee complaint. Moreover, the Court believes that the interpretation urged by the Secretary could not withstand Fourth Amendment scrutiny. Accordingly, the Court holds that the scope of an OSHA inspection conducted under Section 8(f)(1) must bear an appropriate relationship to the violations alleged in the underlying employee complaints.

### III.

The Secretary also contends that the employee complaints were so pervasive in this case that even under a narrow reading of Section 8(f)(1) a wall-to-wall warrant should have issued. The Court, therefore, has compared the geographic area covered by the complaints with the scope of the warrant issued by the Magistrate.

Union representatives generally familiar with the layout of the ASARCO refinery lodged the employee complaints in this case. On the whole the complaints were precise as to the location and particulars of each alleged violation. The area director of OSHA, in his affidavit in support of the warrant, stated specific regulations possibly violated by the items contained in the employee complaints. The area director then appended the employee complaints to the affidavit and presented it to the Magistrate.

A comparison of the affidavit submitted by the area director and the warrant issued by the Magistrate shows that the Secretary was allowed to inspect all areas of the AS-ARCO refinery covered by the specific allegations of OSHA violations. The record of the show cause hearing shows that when there was doubt as to the location of an alleged violation the scope of the warrant was resolved in favor of the Secretary.

Three limitations were imposed by the Magistrate, however: (1) the scope of the inspection was limited to the specific geographic locations of the employee complaints; (2) in the areas authorized to be inspected by the Magistrate the Secretary was limited to determining whether the violations specified in the affidavit of the area director existed; and (3) the Secretary was not allowed a wall-to-wall inspection by virtue of the general allegations of excessive noise and poor housekeeping throughout the ASARCO refinery.

 The Court concludes that the first limitation imposed by the Magistrate is correct. As stated previously, the scope of a Section 8(f)(1) inspection must bear an appropriate relationship to the underlying employee complaints. The Magistrate was correct in limiting the geographic scope of the inspection to the specific areas covered by the complaint because the ASARCO refinery is large and compartmentalized and the geographic location of the employee complaints clearly set forth. See *Central Mine and Equipment Co., supra* at 721.

 The Court does not agree, however, with the second limitation imposed by the Magistrate. It is clear that the specific violations alleged in the affidavit of the area director were not exhaustive. The Secretary represented that the items contained in the employee complaints and appended to the affidavit could constitute violations of many additional regulations and that the specific enumeration in the affidavit was for the purpose of demonstrating that probable cause existed for the inspection. To limit the OSHA inspection to those specific violations alleged in the affidavit of the area director would penalize the Secretary for his diligence in establishing a showing of probable cause. Moreover, the Court does not find the Magistrate's conclusion that the Secretary could apply for an additional warrant in the event that the limited inspection revealed additional evidence of other OSHA violations an acceptable alternative to the issuance of a general warrant. The limited inspection

alone was estimated to require six weeks to complete. To require OSHA to conduct the inspection piece-meal, reapplying for an additional warrant each time specific evidence of an additional violation is discovered, would increase both the administrative burden of conducting the inspection and the disruption to the ASARCO refinery.

The Court concludes that the employee complaints appended to the affidavit of the area director are sufficient to support a finding of probable cause for a more general inspection. See *Camara v. Municipal Court, supra; Matter of Establishment of Inspections Etc.*, 589 F.2d 1335 (7th Cir. 1979). Accordingly, the scope of the warrant will be enlarged to allow a general inspection of the specific items contained in the employee complaints.

 With respect to the third limitation the Court is of the opinion that the Magistrate properly concluded that the general allegations of excessive noise and poor housekeeping were inadequate to support a finding of probable cause to inspect the entire refinery. The issuance of a wall-to-wall warrant on such general allegations would render meaningless the warrant requirement set forth in *Marshall v. Barlow's, Inc., supra*. However, because these items are readily ascertainable and should cause no additional intrusion into the employer's activities, the Court is of the opinion that the Secretary should be allowed to inspect for these violations within the specific areas authorized for inspection under the warrant. The scope of the warrant will, therefore, be enlarged to allow for noise testing and for visual inspection of housekeeping practices in the specific areas authorized for inspection under the warrant.

### IV.

By his second point on appeal the Secretary contends that the Magistrate improperly limited OSHA to citing only those violations set forth in the complaint. The inspection warrant issued by the Magistrate did not limit the nature or content of any citation which the Secretary might issue. The warrant limited only the nature of the

inspection. The Court, having resolved that question, no further discussion of the second point is necessary.