**FEDERAL CASTING DIVISION, CHROMALLOY AMERICAN CORPORATION, Plaintiff,**

v.

**Raymond J. DONOVAN, Secretary of Labor, et al., Defendants.**

Civ. A. No. 80–C–728.

United States District Court,
E. D. Wisconsin.

May 28, 1981.

Clifford B. Buelow, David, Kuelthau, Vergeront, Stover, Werner & Goodland, S.C., Milwaukee, Wis., for plaintiff.

Charles H. Bohl, Asst. U. S. Atty., Milwaukee, Wis., for defendants.

DECISION and ORDER

TERENCE T. EVANS, District Judge.

In this action, Federal Casting Division of Chromalloy American Corporation alleges that an inspection of its plant by the Occupational Safety & Health Administration (OSHA) was in violation of its rights under the Fourth Amendment to the United States Constitution. The company seeks a declaratory judgment that the warrant was unenforceable in December, 1979, an order prohibiting the further use by the defendants of information or evidence obtained in the search, quashing the citations arising out of the search, prohibiting enforcement actions based on the citations, and attorney's fees. Pending are cross-motions for summary judgment.

The warrant at issue is a much litigated administrative warrant for the inspection of plaintiff's foundry. It was issued on April 20, 1977 by U.S. Magistrate John C. McBride. It was to be returned within 10 days. On April 20, OSHA Compliance Officers went to the foundry in an attempt to

execute the warrant; they were refused entry.

On May 17, 1977, OSHA filed civil contempt proceedings against the company. On July 12, 1977, Chief Judge John Reynolds found plaintiff in civil contempt for failure to comply with the warrant. 433 F.Supp. 330 (E.D.Wis.). On July 19, 1977, plaintiff filed a notice of appeal and moved Judge Reynolds for a stay pending appeal. A temporary stay was issued on July 20, 1977, pending briefing on the request for a stay. On July 25, 1977, Judge Reynolds denied the request for a stay. Plaintiff filed a motion for stay in the Seventh Circuit Court of Appeals, and a temporary stay was issued on July 29, and a stay pending appeal on August 24, 1977.

Meanwhile, an inspection of the facilities began on July 26, 1977, the day after the first stay lapsed, and continued until July 29, 1977, when the temporary stay was issued by the Court of Appeals. Citations were issued as a result of the inspection, and on September 22, 1977, OSHA filed a complaint before the Occupational Safety & Health Review Commission based on those citations. On October 3, 1977, the company moved the Review Commission for a stay pending the appeal to the Seventh Circuit. That stay was granted.

On January 2, 1979, the Seventh Circuit Court of Appeals issued a decision affirming the judgment of the district court and vacating its stay. On January 10, 1979, plaintiff filed a petition for rehearing, which was denied on March 14, 1979. A motion for a stay pending review by the Supreme Court was denied on April 9, 1979. On June 12, 1979, a petition for certiorari was filed with the Supreme Court. The petition was denied on October 2, 1979.

On December 3, 1979, an OSHA Compliance Officer attempted to conduct an inspection of plaintiff's plant pursuant to the April, 1977 warrant. A company official stated his belief that the warrant, which he was never shown, was stale and requested that OSHA obtain a new warrant. The official was told that the company would be held in contempt if it did not permit the latest inspection. The inspection was allowed "under protest" on December 11, 1979. Citations were issued on February 29, 1980 and June 2, 1980. The present action in federal court was filed August 7, 1980.

The issue on which both parties concentrate in their respective motions for summary judgment is whether the warrant was valid when it was executed in December, 1979. Plaintiff argues that it expired of its own terms 10 days after it was issued by Magistrate McBride, and that it was also unenforceable because by December, 1979 the National Emphasis Program, under which the company had originally been selected for inspection, had long been abolished by OSHA. OSHA argues that the plaintiff has, by its own action, caused the delay in the execution of the warrant and, therefore, cannot be heard in any argument that the warrant is now stale.

The issue of the validity of the warrant is but one of the issues in the case. Because an inspection under this warrant took place "under protest" plaintiff also seeks a determination that any evidence seized in the inspection must be suppressed, that citations must be quashed, and that the administrative proceedings must be halted. The action is, in actuality, a motion to suppress. Even were the warrant to be found invalid here, it does not necessarily follow that the other requests of the company would be granted. Recently, in *Marshall v. Milwaukee Boiler Manufacturing Co., Inc.*, 626 F.2d 1339 (1980), the Court of Appeals for this circuit has stated that it has not yet determined whether the exclusionary rule applies to OSHA proceedings. Rather, the issue was left "for another day and another panel . . ."

In my opinion, however, this case does not present the opportunity to decide that issue. I find that under the circumstances of this case, the warrant was valid when executed.

It seems clear that companies cannot be allowed to prevent inspections by litigating the validity of a warrant through every available channel, and then when the war-

rant is upheld, avoid the inspection by litigating whether a once-valid warrant has become stale. If that were the law and were OSHA required to obtain a second "fresh" warrant, nothing would prevent two additional years of litigation on the second warrant. To allow such a result would thwart the essential purposes of the Occupational Safety and Health Act of 1970 which was "to assure so far as possible every workingman and woman in the nation safe and healthful working conditions." 29 U.S.C. § 651.

Furthermore, I reject plaintiff's argument that because the National Emphasis Program was defunct by the time the warrant was executed, the warrant was no longer valid. The affidavit in support of the warrant stated that the inspection would be part of a "national/local plan designed to achieve significant reduction in the high incidence of occupational injuries and illnesses found in the metal-working and foundry industry." *Marshall v. Chromalloy American Corp.*, 589 F.2d 1335 (7th Cir. 1979). The Plan, whether abandoned or not, represented a "general administrative plan for the enforcement of the Act derived from neutral sources such as, for example, dispersion of employees in various types of industries across a given area, and the desired frequency of searches in any of the lesser divisions of the area . . ." *Marshall v. Barlow's, Inc.*, 436 U.S. 307, 98 S.Ct. 1816, 56 L.Ed.2d 305 (1978). These general administrative plans derived from neutral sources are specifically approved as the basis for the issuance of a warrant.

A warrant based on "neutral sources" is much less likely to become stale than a warrant based on specific employee complaints of workplace hazards, which could easily have been corrected with the passage of time. If the warrant had been based on a specific employee complaint, the company's arguments derived from the criminal law on the staleness of warrants would have more force. Then the possibility that the specific hazard on which the warrant was based had been corrected would be similar to the situation in which for example the contraband described in a criminal

warrant would have been moved. However, even if the warrant were based on an employer's complaint, I doubt that criminal law standards are applicable. In *Barlow's*, the court stated that in the application for OSHA warrants "probable cause in the criminal law sense is not required." At 320, 98 S.Ct. at 1824. It seems, therefore, unlikely that criminal law standards are applicable here.

In short, I find that the warrant was not invalid at the time it was executed. Therefore, I will not discuss the applicability of the exclusionary rule to OSHA proceedings.

IT IS THEREFORE ORDERED that plaintiff's motion for summary judgment is denied.

IT IS FURTHER ORDERED that defendants' motion for summary judgment dismissing the complaint is granted.