**In the Matter of Establishment of Inspection of: HERN IRON WORKS, INC., Respondent-Appellant,**

v.

**Raymond J. DONOVAN, Secretary of Labor, U. S. Department of Labor, Petitioner-Appellee.**

**No. 80–3440.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 8, 1981.

Decided March 1, 1982.

Terry E. Coffin, Runft & Longeteig, Boise, Idaho, for respondent-appellant.

Ann D. Nachbar, Charles I. Hadden, Allen H. Feldman, T. Timothy Ryan, Jr., Benjamin W. Mintz, Washington, D. C., for petitioner-appellee.

---

Before KILKENNY, GOODWIN, and SKOPIL, Circuit Judges.

SKOPIL, Circuit Judge:

Hern Iron Works appeals a contempt order entered against it for failure to honor an OSHA inspection warrant. The contempt order is affirmed.

## FACTS AND PROCEEDINGS BELOW

Hern Iron Works, Inc., ("Hern") operates a foundry in Coeur d'Alene, Idaho. On March 23, 1979 a Hern employee filed a complaint with the Occupational Safety & Health Administration ("OSHA").[1] The complaint alleged that (1) employees in the metal pouring section of the plant were required to pour molten metal without instructions, and without protective clothing, or equipment, and (2) there was no ventilation in the foundry area.

Because Hern had a history of not consenting to OSHA inspections,[2] the government obtained a full scope inspection warrant. When the warrant was served on April 18, 1979, Hern denied entry to OSHA officer Ronald Stokes. In early June 1979, the Department of Labor applied for an enforcement order. The district court denied the order because the warrant had been improperly issued to John Hern rather than to Hern Iron Works, Inc.

OSHA obtained a second warrant on June 22, 1979 based on the employee complaint of March 1979. When Hern refused to honor the warrant, the Department of Labor in August 1979 applied for an order to show cause re contempt. After postponements of nearly nine months, none due to the government, a hearing was held on June 9, 1980. Again the district court declined to find contempt—this time because of improper service of the warrant.

On June 16, 1980 the government again obtained a full scope warrant based on the employee complaint of March 1979. When

served with the warrant, Mr. John Hern stated that he would "sell [his] place" before allowing an OSHA inspection. At a hearing on August 11, 1980 Hern, appearing pro se, repeated "strong moral objections to the OSHA Act." He argued that there was no probable cause for issuance of a warrant, and that the warrant was overbroad.

A contempt order issued and Hern was fined $1,000. After obtaining a stay pending appeal, Hern filed timely notice of appeal on August 14, 1980.

## ISSUES

1. WAS THE JUNE 16, 1980 INSPECTION WARRANT BASED UPON STALE PROBABLE CAUSE?

2. WAS THE JUNE 16, 1980 INSPECTION WARRANT OVERBROAD?

## DISCUSSION

### I. PROBABLE CAUSE FOR ISSUANCE OF THE JUNE 16, 1980 INSPECTION WARRANT.

▮ Hern contends that the employee complaint dated March 16, 1979 could not provide probable cause for issuance of a warrant on June 16, 1980, some 15 months later. In support of this position, Hern relies on cases pertaining to standards of probable cause for issuance of search warrants in criminal proceedings. *See, e.g., Sgro v. United States*, 287 U.S. 206, 211–12, 53 S.Ct. 138, 140, 77 L.Ed. 260 (1932); *Schoeneman v. United States*, 317 F.2d 173, 177 (D.C.Cir.1963).

In *Marshall v. Barlow's Inc.*, 436 U.S. 307, 98 S.Ct. 1816, 56 L.Ed.2d 305 (1978), however, the Supreme Court held that warrants for OSHA inspections need not be based on "probable cause in the criminal law sense." *Id.* at 320, 98 S.Ct. at 1824. Subsequently "virtually every federal court . . . has concluded that criminal probable cause is not required for issuance of a warrant for an

---

1. The complaint was filed pursuant to 29 U.S.C. § 657(f)(1) (§ 8(f) of the Occupational Safety & Health Act of 1979).

2. Hern had not allowed warrantless entries by OSHA compliance officers on February 20, 1975 and on March 30, 1978. (A brief inspection was conducted, however, July 8–9, 1975 in response to a court order.)

OSHA inspection based on employee complaints." *Burkart Randall Div. of Textron, Inc. v. Marshall*, 625 F.2d 1313, 1318 n.6 (7th Cir. 1980). *See Plum Creek Lumber Co. v. Hutton*, 608 F.2d 1283, 1287–88 (9th Cir. 1979).

In determining the degree of simultaneity needed for filing of an employee complaint and issuance of an OSHA warrant, courts have applied a more relaxed standard of probable cause than that required for criminal warrants. *See, e.g., Burkart, supra*, 625 F.2d at 1322 (employee complaints received six months and five months prior to issuance of OSHA warrant "did not render ... information stale."); *B. P. Oil, Inc. v. Marshall*, 509 F.Supp. 802, 806 (E.D. Pa.1981) (not necessary to show that violation was in existence at precise time warrant issued); *In the Matter of the Inspection of Central Mine Equipment Co.*, 7 OSHC (BNA), 1185, 1189 (E.D.Mo.), *vacated on other grounds*, 7 OSHC (BNA) 1907 (8th Cir. 1979) (upholding OSHA warrant based on information eight months old).

In *Federal Casting Div. Chromalloy American Corp. v. Donovan*, 514 F.Supp. 617, 618–19 (E.D.Wis.1981) a Wisconsin district court upheld a foundry inspection warrant, pursuant to a general administrative plan, based on a 32-month-old complaint, stating:

> "It seems clear that companies cannot be allowed to prevent inspections by litigating the validity of a warrant through every available channel, and then when the warrant is upheld, avoid the inspection by litigating whether a once-valid warrant has become stale. If that were the law and were OSHA required to obtain a second 'fresh' warrant, nothing would prevent ... additional years of litigation on the second warrant. To allow such a result would thwart the essential purposes of the Occupational Safety and Health Act of 1970 which was 'to assure so far as possible every working-

man and woman in the nation safe and healthful working conditions.'"

The court recognized, however, that "[i]f the warrant had been based on a specific employee complaint, the company's arguments derived from the criminal law on the staleness of warrants would have more force." *Id.* at 619.

Although the warrant here issued pursuant to a specific complaint, Hern's contention of staleness has little merit. While the government was careless in drafting the first warrant and serving the second, Hern, through its own occlusive tactics, was chiefly responsible for the 15-month delay of which it now complains.

We conclude that the employee complaint of March 16, 1979 supported issuance of the June 16, 1980 warrant.

## II. BREADTH OF THE JUNE 16, 1980 INSPECTION WARRANT.

Hern contends that the employee complaint alleging safety hazards in the "metal pouring area" does not support a warrant to search the entire Hern foundry.

In *J. R. Simplot Co. v. OSHA*, 640 F.2d 1134 (9th Cir. 1981), the Ninth Circuit upheld a full-scale OSHA inspection based on an employee complaint noting that circuits have reached inconsistent results in addressing the issue whether such an inspection "must be restricted to the complained of site." *Id.* at 1137. In *Marshall v. North American Car Co.*, 626 F.2d 320, 324 (3d Cir. 1980) the Third Circuit concluded that "where an OSHA inspection is conducted under § 8(f) pursuant to an employee complaint, the scope of the inspection must bear an appropriate relationship to the violations alleged in the complaint." By contrast, the Seventh Circuit in *Burkart, supra*, 625 F.2d at 1325 held that "where probable cause to conduct an OSHA inspection is established on the basis of employee complaints, the inspection need not be limited in scope to the substance of those complaints."[3]

---

**3.** Decisions from district and administrative law courts have been equally divided. *Compare Public Service Co., Inc. v. United States EPA*, 509 F.Supp. 720 (S.D.Ind.1981) (upholding broad search) *with Matter of Establishment Inspection of Asarco, Inc.*, 508 F.Supp. 350, 353 (N.D.Tex.1981) ("Section 8(f)(1) must bear an appropriate relationship to the violations al-

Declining to formulate a general rule for scope of OSHA warrants, the *Simplot* court stated that, "facts here require us to do no more than determine the legitimate breadth of the warrant issued by the district court." *Simplot, supra,* 640 F.2d at 1138. In reviewing the warrant application the court determined that the district court had reasonably inferred that the Simplot plant was located in a single facility. A warrant authorizing inspection of the entire Simplot plant was therefore not found to be overbroad.

■ Turning to the warrant application in the instant case, we find no lack of reasonableness in the magistrate's issuance of a warrant to search the entire Hern foundry. The June 12, 1980 application was "in response to an employee safety and health complaint submitted pursuant to section 8(f)(1) of the Act *and as a part of an inspection program designed to assure compliance with the Act.*" [4] (emphasis added.) The affidavit verifying the employee complaint alleged safety hazards including ventilation defects in the foundry. The magistrate could reasonably have inferred that inspection of the entire Hern establishment was necessary to detect ventilation hazards. Further, there was no information before the magistrate indicating that the Hern foundry was a multi-faceted establishment

or that it was of such a large size that full-scale inspection of the premises was unreasonable.[5]

The Supreme Court has cautioned that "[d]elineating the scope of a search ... is particularly important where documents are involved." *Barlow's, supra,* 436 U.S. at 324, 98 S.Ct. at 1826 n.22; *Blocksom & Co. v. Marshall,* 582 F.2d 1122, 1125 (7th Cir. 1978). We note that inspection of documents in the instant case was properly restricted to those "records, files, papers ... bearing on whether this employer is ... furnishing to its employees ... a place of employment which [is] free from recognized hazards that are causing or likely to cause death or serious physical harm."

## CONCLUSION

Facts of the instant case viewed in light of OSHA's purpose in promoting employee safety persuade us to adopt the reasoning of the Seventh Circuit: "[T]he better view is that which permits, absent extraordinary circumstances, general inspections in response to employee complaints." *Burkart, supra,* 625 F.2d at 1324.

The contempt order of the district court is AFFIRMED.

---

leged in the underlying employee complaints.") *Compare* Sarasota Concrete Co. 1979 OSHD ¶ 23,839 (OSH Rev. Comm'n, Sept. 9, 1979), *with* Seaward Int'l, Inc., 1979 OSHD ¶ 24,794 (W.D.Va., Sept. 19, 1980).

4. OSHA Instruction CPL 2.12A establishes guidelines for evaluating employee complaints. Under section F2 officers are "to determine the nature and severity of the hazard; the number of employees potentially exposed; and any injuries, illnesses, or symptoms attributable to the hazard." If "[a] thorough evaluation of a complaint does not establish 'reasonable grounds to believe a violation or danger exists,' " ... [or] "[a]s a result of a recent inspection or on the basis of other objective evidence, the Area Director determines that the hazard which is the subject of the complaint is not present or has been corrected," then no inspection will be conducted. (Section H2a-c). These guidelines protect commercial property owners from "unbridled discretion [of] executive and administrative officers," *Marshall v. Barlow's, Inc.,* 436 U.S. 307, 323, 98 S.Ct. 1816,

1825, 56 L.Ed.2d 305 (1978), by assuring that "reasonable legislative or administrative standards for conducting an ... inspection are satisfied with respect to a particular [establishment]." *Camara v. Municipal Court,* 387 U.S. 523, 538, 87 S.Ct. 1727, 1735, 18 L.Ed.2d 930 (1967).

5. While the Supreme Court has acknowledged that "the expectation of privacy ... the owner of commercial property enjoys ... differs significantly from the sanctity accorded an individual's home." *Donovan v. Dewey,* 452 U.S. 594, 598, 101 S.Ct. 2534, 2538, 69 L.Ed.2d 262, 269 (1981), the Court has repeatedly underscored the requirement of reasonableness in administrative searches. *See Donovan v. Dewey, supra; Marshall v. Barlow's, Inc., supra,* 436 U.S. at 315–16, 98 S.Ct. at 1821; *Camara v. Municipal Court, supra,* 387 U.S. at 539, 87 S.Ct. at 1736; *See v. Seattle,* 387 U.S. 541, 544–45, 87 S.Ct. 1737, 1739, 18 L.Ed.2d 943 (1967).