Raymond J. **DONOVAN**, **Secretary of Labor, Petitioner-Appellant,**

v.

**BURLINGTON NORTHERN INC.,**
**Respondent-Appellee.**

No. 81–3287.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 11, 1982.

Decided Dec. 21, 1982.

Rehearing Denied Jan. 24, 1983.

1981–85 period.

T. Timothy Ryan, Jr., Benjamin W. Mintz, Allen H. Feldman, Charles I. Hadden, Ann D. Nachbar, Washington, D.C., for petitioner-appellant.

Charles C. Dearden, Billings, Mont., for respondent-appellee.

Before CHOY, TANG and BOOCHEVER, Circuit Judges.

CHOY, Circuit Judge:

The Secretary of Labor appeals from the district court's grant of Burlington Northern Inc.'s motion to quash an administrative search warrant as overbroad. *See Donovan v. Burlington Northern Inc.,* 521 F.Supp. 99 (D.Mont.1981). This appeal calls into question the permissible scope of an Occupational Safety and Health Administration (OSHA) search warrant based on an employee complaint under 29 U.S.C. § 657(f). In light of *Hern Iron Works v. Donovan,* 670 F.2d 838 (9th Cir.1982), *cert. denied,* —— U.S. ——, 103 S.Ct. 69, 74 L.Ed.2d 69 (1982), decided after the district court quashed the administrative warrant here, we reverse and remand.

I. *Background*

On December 3, 1980, on the basis of a Burlington Northern employee's formal complaint to OSHA and a Burlington Northern memorandum which had been posted on the work premises and which corroborated a portion of the employee's complaint, OSHA obtained a warrant from a federal magistrate to inspect Burlington Northern's freight-car repair facility in Laurel, Montana. Later that day, Burlington Northern employees refused to allow OSHA inspectors serving the warrant to enter the premises.

Consequently, on December 4, 1980, OSHA petitioned the district court of Montana for an order holding Burlington Northern in contempt and requiring Burlington Northern to permit the OSHA inspection. OSHA also requested that Burlington Northern be required to reimburse the Secretary of Labor for OSHA's expenses in bringing the contempt action. Burlington Northern then moved to quash the warrant because it was overbroad. Reasoning that the fourth amendment requires the scope of an inspection warrant issued pursuant to an employee complaint to be fashioned according to the complaint and finding that the warrant here authorized inspection of an area exceeding that specified in the complaint, the district court quashed the warrant as overbroad. *See Burlington Northern,* 521 F.Supp. at 102–03.

II. *The Permissible Scope of OSHA Warrants*

The Occupational Safety and Health Act (the Act), 29 U.S.C. §§ 651–678, provides for two types of administrative inspections. A § 657(a) inspection is undertaken pursuant to a general administrative plan designed to implement the objectives of the Act. Under a § 657(a) inspection, the entire workplace may be searched. *See Marshall v. North American Car Co.,* 626 F.2d 320, 323 (3d Cir.1980); *Burkart Randall Division of Textron, Inc. v. Marshall,* 625 F.2d 1313, 1323 (7th Cir.1980). A § 657(f) inspection is based upon an employee complaint concerning suspected violations of the Act. As this circuit has noted, *see Hern Iron Works,* 670 F.2d at 840–41; *J.R. Simplot Co. v. OSHA,* 640 F.2d 1134, 1137–38 (9th Cir.1981), *cert. denied,* 455 U.S. 939, 102 S.Ct. 1430, 71 L.Ed.2d 649 (1982), vari-

ous district, appellate and administrative law courts have reached essentially two positions concerning the permissible scope of an OSHA warrant issued under § 657(f). The first position, that the scope of the inspection must bear an appropriate relationship to the violations alleged in the employee complaint, has been adopted by the Third Circuit. *See North American Car,* 626 F.2d at 323. The district court here followed the reasoning of *North American Car* in deciding that the scope of an inspection may not exceed the scope of an employee complaint. *Burlington Northern,* 521 F.Supp. at 102.

The second position, that once an employee complaint establishes probable cause, the inspection need not be limited in scope to the substance of the complaint, was first announced by the Seventh Circuit. *See Burkart Randall,* 625 F.2d at 1325. The Secretary of Labor's regulations concerning § 657(f) inspections are consistent with this position. *See* 29 C.F.R. § 1903.11(b).

In *Hern,* we concluded that the

Facts of the instant case viewed in light of OSHA's purpose in promoting employee safety persuade us to adopt the reasoning of the Seventh Circuit: "[T]he better view is that which permits, absent extraordinary circumstances, general inspections in response to employee complaints." *Burkart, supra,* 625 F.2d at 1324.

670 F.2d at 841. The warrant at issue in *Hern* was based on an employee complaint and authorized the inspection of an entire foundry. The warrant was not overbroad, however, because the issuing magistrate could have reasonably inferred that, in the absence of information indicating that the foundry was multifaceted or of such a large scale that a wall-to-wall inspection was unreasonable, the inspection of the entire Hern establishment was necessary to detect complained-of ventilation hazards. *Id.*

Burlington Northern argues that *Hern* is distinguishable from this case for three reasons. First, the warrant in *Hern,* although based on an employee complaint, was part of an inspection program designed to assure compliance with the Act. Second, while there was no information before the magistrate in *Hern* that a full-scale search would be unreasonable, here Burlington Northern presented information to the district court that its facility was a multifaceted, large-scale establishment. Thus, a full-scale search here would be unreasonable, according to Burlington Northern. Finally, Burlington Northern seems to argue that it is significant that the district court in *Hern* upheld the Secretary's third validly obtained warrant, whereas here the district court quashed the Secretary's first warrant.

We find none of these arguments persuasive. The only "inspection program designed to assure compliance with the Act" discussed or mentioned in *Hern* was OSHA's Instruction CPL 2.12A, which established guidelines for evaluating employee complaints. *Id.* at 841 & n. 4. The December 4, 1980, application for an administrative warrant in this case mentioned these same administrative guidelines and explained that they had been followed. In fact, a copy of the guidelines was attached to the application for a warrant. Thus, here, as in *Hern,* the employee complaint was properly handled as part of a valid inspection program designed to protect commercial property owners from the unbridled discretion of administrative officers.

The record shows that the information concerning the size of the Laurel freight-car yard was presented to the district judge who evaluated the warrant but was not presented to the magistrate who issued it. In determining the validity of a *criminal* warrant, a court is limited to the information and circumstances that were available to the issuing officer at the time that the warrant was issued. *United States v. Brown,* 455 F.2d 1201, 1204 (9th Cir.), *cert. denied,* 406 U.S. 960, 92 S.Ct. 2069, 32 L.Ed.2d 347 (1972). This circuit has also followed that principle concerning *administrative* search warrants. *See J.R. Simplot Co.,* 640 F.2d at 1138. Indeed, the focus in *Hern* was on the reasonableness of the *magistrate* in issuing the warrant. *See Hern,* 670 F.2d at 841 & n. 5. Burlington

Northern has offered no reason why we should not apply that principle here, especially when this case is factually indistinguishable from *Hern*. Here, as in *Hern*, the application alleged ventilation defects so that the magistrate could have reasonably believed that the inspection of the entire premises was necessary to detect ventilation hazards. There is no evidence in the record to suggest that OSHA was acting in bad faith in obtaining a broad warrant.

The significance of Burlington Northern's third argument is not clear. Burlington Northern may be arguing that *Hern* is distinguishable because the Hern foundry, unlike Burlington Northern, had a history of not consenting to OSHA inspections. Although this court did mention Hern's history of not consenting to inspections, *id.* at 839, consideration of this factor was absent from the court's discussion of the permissible breadth of the warrant, *id.* at 841. Thus, Hern's past conduct does not seem to have had any effect on the court's conclusion. Moreover, we fail to see any rationale for subjecting the employers who have refused to allow warrantless or warrant-based entries to a broader search than that to which employers who have previously consented are subjected.

Two other considerations not raised by Burlington Northern are also important to our conclusion here. First, the warrant limits the scope of the search for documents to those the Act requires to be kept and those directly related to the purpose of determining whether Burlington Northern was "furnishing employment and a place of employment . . . free from recognized hazards that are causing or likely to cause death or serious physical harm." Thus, the scope of the search was carefully delineated to conform to the purpose of the search and was not overbroad. *Cf. Marshall v. W & W Steel Co.,* 604 F.2d 1322, 1326–27 (10th Cir.1979) (rejecting argument that warrant authorizing inspection of documents directly related to the purpose of inspection was overbroad). Indeed, there does not appear to be any difference between the scope of the document search here and that in *Hern.* *See Hern,* 670 F.2d at 841. Second, we see no extraordinary circumstances here to exempt Burlington Northern from the " 'better view . . . which permits . . . general inspections in response to employee complaints.' " *Hern,* 670 F.2d at 841 (quoting *Burkart Randall,* 625 F.2d at 1324).

III. *Conclusion*

 We find no basis upon which to distinguish this case from *Hern*. OSHA properly processed the employee complaint under its administrative program and the magistrate acted reasonably on the information before him. There is no indication of any bad faith on the part of OSHA in presenting information to the magistrate. The scope of the search for documents is carefully delineated in the warrant. And there is no special circumstance present to exempt this case from the *Hern* rule that general inspections are permitted in response to employee complaints.

We, therefore, reverse the district court's determination that the warrant was overbroad and the court's grant of the motion to quash. We also instruct the district court on remand: (1) to grant the petition of the Secretary for orders holding Burlington Northern in contempt and requiring Burlington Northern to permit the OSHA inspection; and (2) to determine whether Burlington Northern should be required to reimburse the Secretary for OSHA's expenses in bringing the contempt action.

REVERSED and REMANDED.