**Raymond J. DONOVAN, Secretary of Labor, United States Department of Labor, Petitioner-Appellant,**

**v.**

**BURLINGTON NORTHERN, INCORPORATED, Respondent-Appellee.**

No. 84–4202.

United States Court of Appeals, Ninth Circuit.

Submitted * Oct. 9, 1985.

Decided Jan. 23, 1986.

---

* The panel finds this case appropriate for submission without argument pursuant to 9th Cir.R. 3(f) and Fed.R.App.P. 34(a).

Andrea C. Casson, Atty. U.S. Dept. of Labor, Washington, D.C., for petitioner-appellant.

Charles Dearden, Burlington Northern Law Dept., Billings, Mont., for respondent-appellant.

Before SNEED, SCHROEDER, and BRUNETTI, Circuit Judges.

SNEED, Circuit Judge:

The Secretary of Labor appeals from an order of the United States District Court for the District of Montana denying the Secretary's petition for an award of attorney's fees and costs. We reverse and remand to the district court for redetermination of such fees and costs consistent with the principles outlined below.

## I.

## FACTS AND PROCEEDINGS BELOW

In December 1980, the Secretary of Labor (Secretary) applied for and received a civil warrant authorizing an inspection of Burlington Northern facilities. The warrant was issued by a federal magistrate pursuant to the Occupational Safety and Health Act of 1970, 29 U.S.C. §§ 651–678 (1982).

Upon Burlington Northern's refusal to allow OSHA officials to inspect the facilities, the Secretary sought a contempt order from the district court. The court denied the Secretary's request and granted the company's motion to quash the warrant as overbroad. On appeal to this court, the Secretary was vindicated and the district court was directed

(1) to grant the petition of the Secretary for orders holding Burlington Northern in contempt and requiring Burlington Northern to permit the OSHA inspection; and

(2) to determine whether Burlington Northern should be required to reim-

burse the Secretary for OSHA's expenses in bringing the contempt action. *Donovan v. Burlington Northern, Inc.*, 694 F.2d 1213, 1216 (9th Cir.1982), *cert. denied*, 463 U.S. 1207, 103 S.Ct. 3538, 77 L.Ed.2d 1388 (1983).

In October 1983, the district court entered an order holding Burlington Northern in contempt and instructing the company that it could purge the contempt if it allowed the OSHA inspection. The inspection took place three days later. The court declined to award OSHA the $2,952.48 in attorney's fees and costs requested by the Secretary. It is the district court's disposition of this second issue that is now before the court. We reverse and remand.

## II.

## ANALYSIS

### A. *Interpretation of the American Rule*

In this country, "the prevailing litigant is ordinarily not entitled to collect a reasonable attorneys' fee from the loser." *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 247, 95 S.Ct. 1612, 1616, 44 L.Ed.2d 141 (1975). This general policy, known as the "American Rule," can be varied by statutory command or contractual agreement. In addition, judges have carved out certain limited exceptions—one of which allows for an award of attorney's fees in cases in which one party has disobeyed a court order. *See id.* at 258, 95 S.Ct. at 1622. We are satisfied that Burlington Northern's flouting of the search warrant brings the company squarely within this exception.

Normally we would scrutinize the denial of attorney's fees only in order to determine whether the court abused its discretion. *See Perry v. O'Donnell*, 759 F.2d 702, 704 (9th Cir.1985) (citing *Carson-Truckee Water Conservancy District v. Secretary of the Interior*, 748 F.2d 523, 524 (9th Cir.1984), *cert. denied*, — U.S. —, 105 S.Ct. 2139, 85 L.Ed.2d 497 (1985)). Relying on *Yanish v. Barber*, 232 F.2d 939 (9th Cir.1956), however, the Secretary contends that a district court has no discretion

to deny attorney's fees in a civil contempt action when damages are properly established. The court in *Yanish* stated that "where a contempt is found and damages are found to result therefrom, the trial court has no discretion, but is required to assess the damage against the respondent." *Id.* at 947. Moreover, a reading of the case makes clear that the court considered attorney's fees to be an element of the "damages" awardable in a contempt action. *See, e.g., id.* at 949 (referring to damages incurred "in the employing of attorneys"). Other Ninth Circuit cases of the same vintage likewise appear to have approved the inclusion of attorney's fees in the calculation of damages. *See, e.g., Coleman Co. v. Holly Manufacturing Co.*, 269 F.2d 660, 664 (9th Cir.1959) (noting, without comment, that the district court awarded plaintiffs " 'a compensatory fine in civil contempt, measured by the damages, including attorneys' fees and expenses, ... sustained ... by reason of the [appellant's] non-compliance with the injunction' " (quoting unreported opinion of the district court)).

■ Although the *Yanish* court may have erred in conflating two analytically distinct elements of compensation—damages and attorney's fees—the opinion should not be dismissed on this ground alone. *Yanish* declares in fairly clear terms—albeit in dictum—that courts in civil contempt proceedings *must* award attorney's fees when such fees have actually been incurred by the prevailing party and are otherwise allowable. We must determine whether this statement retains any vitality.

The Supreme Court's language in *Alyeska* suggests that it does not. The opinion states that, in civil contempt actions, "a court *may* assess attorneys' fees ... 'as part of the fine to be levied on the defendant.' " 421 U.S. at 258, 95 S.Ct. at 1622 (quoting *Fleischmann Distilling Corp. v. Maeir Brewing Co.*, 386 U.S. 714, 718, 87 S.Ct. 1404, 1407, 18 L.Ed.2d 475 (1967) (emphasis added)). The choice of permissive rather than mandatory terms strongly sug-

gests that the Court meant to entrust the question of attorney's fees to the sound discretion of district courts. Our view is confirmed by *Perry v. O'Donnell*, 759 F.2d 702 (9th Cir.1985), decided by this court one month after the Secretary filed his appellate brief. In *Perry*, we stressed the need for flexibility in awarding fees and expenses in civil contempt actions, *see id.* at 705–06. We concluded that "the trial court should have the discretion to analyze each contempt case individually and decide whether an award of fees and expenses is appropriate as a remedial measure," *id.* at 705. Most of the other circuits agree. *See, e.g., Northside Realty Associates v. United States*, 605 F.2d 1348, 1356 n. 23 (5th Cir.1979); *Copeland v. Martinez*, 603 F.2d 981, 984 (D.C.Cir.1979) (by implication), *cert. denied*, 444 U.S. 1044, 100 S.Ct. 730, 62 L.Ed.2d 729 (1980); *Shakman v. Democratic Organization*, 533 F.2d 344, 351 n. 10 (7th Cir.), *cert. denied*, 429 U.S. 858, 97 S.Ct. 156, 50 L.Ed.2d 135 (1976); *Sweetarts v. Sunline, Inc.*, 436 F.2d 705, 712 (8th Cir.1971); *American Saint Gobain Corp. v. Armstrong Glass Co.*, 434 F.2d 1216, 1218 (6th Cir.1970); *Folk v. Wallace Business Forms, Inc.*, 394 F.2d 240, 244 (4th Cir.1968).

### B. *Exercise of Discretion*

On the prior appeal, this court found Burlington Northern in contempt and directed the district court to determine whether the company should be required to reimburse OSHA's expenses in bringing the contempt action. We gave the district court no guidelines for making that determination and the Secretary now contends on appeal that, rather than exercise its discretion properly, the district court impermissibly revisited the question of whether the company acted reasonably in ignoring the warrant. He recommends that this court reverse the district court and make an assessment of attorney's fees against Burlington Northern.

The district court, in its Opinion and Order, cites *McGoff v. Rapone*, 78 F.R.D. 8 (E.D.Pa.1978), as the most appropriate test for determining the propriety of an award of damages. The court in *McGoff* listed what it deemed to be the four showings necessary for recovery:

(a) plaintiff must show the existence of a valid decree of which defendants had actual or constructive knowledge; (b) plaintiffs must show the decree was "in their favor"; (c) plaintiffs must show that defendants by their conduct violated the terms of the decree, and had knowledge of such violation ...; and (d) plaintiffs must show they have suffered damages as a result.

*Id.* at 30. In applying this test, the district court set forth the following propositions: (1) There was no valid decree to which Burlington Northern was subject until after the district court entered the contempt order. (2) The district court's original ruling that the warrant was invalid is prima facie evidence that Burlington Northern acted reasonably in disobeying the warrant. (3) Burlington Northern had no knowledge of a valid decree that was not being complied with, but had knowledge only of the district court's original ruling that the warrant was invalid. (4) Burlington Northern permitted the OSHA inspection within three days after the district court's entry of the contempt order. (5) The Ninth Circuit's position on the validity of the warrant appears to be in conflict with the stances taken by other circuits.

These propositions are either wrong or beside the point. The company knew at all pertinent times that a warrant authorizing the search had been issued. True, the validity of the warrant's breadth remained uncertain in fact until this court determined the issue. In law, however, that determination fixed its validity in all respects as of the time of its issuance. *See Donovan v. Burlington Northern, Inc.*, 694 F.2d 1213, 1216 (9th Cir.1982), *cert. denied*, 463 U.S. 1207, 103 S.Ct. 3538, 77 L.Ed.2d 1388 (1983). Were this not so, the government could never be reimbursed for the expenses incurred in enforcing a warrant determined to be valid only after an

appeal. Resistance to a valid warrant need not be without financial risk even in a free society.

The Secretary attacks on another ground the district court's finding that there was no valid decree until our remand. The last time this case was before us, he observes, we determined that the company acted contumaciously on the date it refused to comply with the warrant. He concludes that our prior determination constituted the "law of the case," which could not be reviewed by the district court and which barred the court from redetermining the date the warrant became binding. We agree.

A district court is free, on remand, to determine only those issues not expressly or impliedly determined by the appellate court. *See In re Beverly Hills Bancorp,* 752 F.2d 1334, 1337 (9th Cir. 1984); *Firth v. United States,* 554 F.2d 990, 993–94 (9th Cir.1977). The Secretary correctly argues that the district court was directed "to grant the petition .... holding Burlington Northern in contempt." The district court was not free thereafter to redetermine at what date the company lapsed into contempt. To do so was reversible error. *See Corex Corp. v. United States,* 638 F.2d 119, 122 (9th Cir.1981).

Finally, the Secretary takes issue with the criteria used by the district court in denying the award of fees—particularly its consideration that it originally sustained the company's motion to quash the warrant; that the company eventually complied with the warrant; and that the Ninth Circuit appears to be in conflict with other circuits on the validity of such warrants. The Secretary contends that these criteria reflect the district court's implicit finding of good faith, a finding that can carry no weight in light of this court's earlier finding of contempt.

It is said that "[t]he absence of wilfulness does not relieve from civil contempt." *McComb v. Jacksonville Paper Co.,* 336 U.S. 187, 191, 69 S.Ct. 497, 499, 93 L.Ed. 599 (1949). Likewise, "civil contempt need not be willful to justify a discretionary award of fees and expenses." *Perry v. O'Donnell,* 759 F.2d 702, 704 (9th Cir.1985).

In *Perry,* this court stated:

An inflexible rule requiring the denial of fees when civil contempt is not "willful" would prevent the party proving the contempt from being fully compensated in many cases. We therefore conclude that the trial court should have the discretion to analyze each contempt case individually and decide whether an award of fees and expenses is appropriate as a remedial measure.... "It matters not whether the disobedience is willful[;] the cost of bringing the violation to the attention of the court is part of the damages suffered by the prevailing party and those costs would reduce any benefits gained by the prevailing party from the court's violated order."

*Id.* at 705 (quoting *Cook v. Ochsner Foundation Hospital,* 559 F.2d 270, 272 (5th Cir.1977)). We are not convinced that the district court analyzed the question whether an award of fees and expenses was appropriate as a remedial measure. We conclude, rather, that the court looked only to the propriety of Burlington Northern's conduct in disobeying the inspection warrant. Therefore, there was an abuse of discretion. We reverse and remand for a determination of appropriate fees and costs.

REVERSED AND REMANDED.