In the Matter of Establishment Inspection of ST. CHARLES MANUFACTURING CO., a corporation.

No. 83 C 9053.

United States District Court, N.D. Illinois, E.D.

April 16, 1987.

John H. Secaras, Kenneth A. Henry, U.S. Dept. of Labor, Chicago, Ill., for petitioner.

Robert H. Joyce, Mark A. Lies II, Michael F. Dolan, Seyfarth, Shaw Fairweather & Geraldson, Chicago, Ill., for respondent.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

Respondents St. Charles Manufacturing Co. and Donald Schaaf (referred to collectively herein as "St. Charles") have registered several objections to the Report and Recommendation of Magistrate W. Thomas Rosemond, Jr. recommending the assessment of costs and attorneys' fees to the Secretary of Labor ("the Secretary") regarding a civil contempt order against St. Charles. For the following reasons, the objections are allowed in part and overruled in part.

The finding of civil contempt was predicated on St. Charles' refusal to comply with an administrative search warrant in conjunction with an inspection authorized under the Occupational Safety and Health Act of 1970, 29 U.S.C. § 657 (1982). The case was originally referred to Magistrate Joan Humphrey Lefkow, who recommended to this Court on October 30, 1984 that St. Charles be found in civil contempt. On December 14, 1984, we adopted the magistrate's report over St. Charles' objections and ordered that Magistrate Lefkow supervise enforcement of the contempt order and determine whether the Secretary should be entitled to any further relief, including the costs of the contempt proceedings. We amended our order on December 17, 1984 to include a provision not relevant here.

In his original petition for an order to show cause why St. Charles should not be held in contempt, the Secretary requested "entry of an order for such other relief as may be appropriate and the costs of this action." Following this Court's adoption of Magistrate Lefkow's report, the Secretary filed a motion for attorneys' fees and costs (including a bill of costs) on January 18, 1985, although he claims to have done so on January 15. The Secretary's motion requested relief under 28 U.S.C. § 2412 (1982 & Supp. III 1985), 28 U.S.C. § 1920 (1982)[1] and Rules 45 and 46 of the Local Rules for the Northern District of Illinois. For the purposes of the fees motion, the case was referred to Magistrate Rosemond who recommended in a report on April 29, 1986 that the Secretary be allowed to recover attorneys' fees in the amount of $2,661.00 and costs in the amount of $96.08. St. Charles filed timely objections which we address herein.

### I. Timeliness

■ St. Charles first complains that the Secretary failed to comply with the relevant Local Rules of this Court in filing his motion. We may quickly dismiss this objection with respect to the fees motion because Local Rule 46 states that a petition for attorneys' fees in a civil proceeding shall be filed within ninety days of the entry of final judgment and the Secretary filed his fees motion well within this period.[2]

Motions for costs, however, are governed by Local Rule 45, which states that "[w]ithin thirty (30) days of the entry of a judgment allowing costs, the prevailing party shall file a bill of costs with the clerk and

---

1. Although the Secretary's motion and Magistrate Rosemond's report refer to 28 U.S.C. § 1922, it is clear that they both actually refer to 28 U.S.C. § 1920. St. Charles appears to have no objection to this error.

2. The parties do not dispute that, for purposes of this motion, this Court's adoption of Magistrate Lefkow's report was a final judgment for the purposes of the Local Rules regarding filing of costs and attorneys' fees motions.

serve a copy of the bill on each adverse party." Local Rule 45. If no bill of costs is filed within the thirty-day period, costs otherwise taxable under 28 U.S.C. § 1920 are deemed waived. *Id.* There are some discrepancies regarding the relevant dates on this aspect of St. Charles' objections. The first dispute is whether the thirty-day period started to run after this Court's original December 14, 1984 order adopting Magistrate Lefkow's report or after our amendment of that order on December 17, 1984. However, we need not decide which is the relevant date because it appears that the Secretary's motion was not filed within thirty days of either date. The Secretary claimed in his reply brief in support of the attorneys' fees motion before Magistrate Rosemond that although its attorneys' fees motion was noticed up for January 18, 1985, it was actually filed with the clerk on January 15, 1985. The Magistrate seems to have accepted this as true and, observing that January 15, 1985 fell within thirty days of December 17, 1984, found that the motion was timely filed. Had anyone checked the official court file in this case, he or she would have found that the Secretary's motion is indeed stamped with the Clerk's stamp dated January 18, 1985. Thus, we cannot accept the Secretary's representation that the motion was filed on January 15, 1985. Accordingly, we find that the Secretary waived recovery of the costs of his contempt action and we will allow St. Charles' objections with respect to Magistrate Rosemond's recommendation that costs in the amount of $96.08 be awarded to the Secretary. *See Roberts v. Heckler,* 636 F.Supp. 136, 138–39 (N.D.Ill. 1986).

II. Authority to Award Attorneys' Fees

St. Charles' next major objection relates to the basis for awarding fees to the Secretary based on the underlying contempt proceeding. In his motion, the Secretary requested fees under the statutory authorization of the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412 (1982 & Supp. III 1985). Magistrate Rosemond awarded fees to the Secretary and cited subsection (b) of § 2412 as his authority. That section states in pertinent part:

> Unless expressly prohibited by statute, a court may award reasonable fees and expenses of attorneys, in addition to the costs which may be awarded pursuant to subsection (a), to the prevailing party in any civil action brought by or against the United States or any agency or any official of the United States acting in his or her official capacity in any court having jurisdiction of such action.

28 U.S.C. § 2412(b) (1982 & Supp. III 1985).

■ Taken alone, the language of this part of the statute appears to support the Secretary's contention. The Secretary, an official of the United States, was certainly the prevailing party in the contempt proceeding and this was a civil action brought by an official of the United States. Furthermore, another subsection of EAJA specifically authorizes an award of fees only to prevailing parties "other than the United States," 28 U.S.C. § 2412(d) (Supp. III 1985), a limitation not written into subsection (b). Given this statutory framework, the Secretary's argument has much force.

Nevertheless, we cannot accept the result which this interpretation of the statute would command. Litigants in the courts of the United States still play by the "American rule," which dictates that each party shall bear the expense of its own attorneys' fees. *Alyeska Pipeline Co. v. Wilderness Society,* 421 U.S. 240, 247, 95 S.Ct. 1612, 1616, 44 L.Ed.2d 141 (1975). To adopt the interpretation of the Secretary and the Magistrate would be to find that the United States is entitled to attorneys' fees in all civil litigation in which it prevails, a result which would be at odds with the American rule. As both its title and its legislative history suggest, the Equal Access to Justice Act was designed to enhance the ability of private litigants to successfully challenge or defend government actions by expanding the attorneys' fees liability of the United States beyond the previously narrow limits prescribed by sovereign immunity. The House Report for the EAJA sets forth that:

> The purpose of the bill is to reduce the deterrents and disparity [between the resources and expertise of individuals and

their government] by entitling certain prevailing parties to recover an award of attorneys fees ... *against the United States*, unless the Government action was substantially justified. Additionally, the bill ensures that *the United States will be subject to* the common law and statutory exceptions to the American rule regarding attorney fees. This change will allow a court in its discretion to award fees *against the United States* to the same extent it may presently award such fees against other parties. H.R. 96–1418, 96th Cong., 2d Sess. 6, *reprinted in* 1980 U.S. Code Cong. & Admin. News 4953, 4984 (emphasis added). Nothing in this Report even remotely suggests that the purpose of the EAJA was to create a new exception to the American rule whereby the United States could recover attorneys' fees in the absence of circumstances which would allow the invocation of previously existing common law fee-shifting rules.

Moreover, the legislative history reflects Congress' explicit intent of "placing the Federal government and civil litigants on a completely equal footing." H.R.Conf.Rep. No. 96–1434, 96th Cong., 2d Sess. 25, *reprinted in* 1980 U.S. Code Cong. & Admin. News 4953, 5014. Thus, by virtue of § 2412(b), the government is liable for fees when it acts in a manner which would subject a private litigant to such liability (e.g., bad faith). It would not make sense to turn around and say that a private litigant, whether or not it was in bad faith, would be liable to the United States for attorneys' fees whenever it does not prevail. That result would be a tremendous abrogation of the American rule, and is in no way supported by the legislative history of the EAJA. Not surprisingly, the Secretary can point to no case which supports its position that § 2412(b) authorizes an award of attorneys' fees to the United States in any civil action in which it prevails.

█ Despite our finding that statutory authorization for the Magistrate's recommendation of a fee award to the Secretary does not lie in § 2412(b), we nonetheless overrule St. Charles' objections because we find that such an award is within the inherent power of the Court to remedy civil contempt.[3] Indeed, two federal Circuits have found that such an award is appropriate in precisely the type of case before us now. *Donovan v. Burlington Northern Inc.*, 781 F.2d 680 (9th Cir.1986): *Donovan v. Hackney, Inc.*, 769 F.2d 650 (10th Cir. 1985), *cert. denied,* —— U.S. ——, 106 S.Ct. 1458, 89 L.Ed.2d 715 (1986). Both *Burlington Northern* and *Hackney* were cases where a party was cited for contempt after refusing to comply with an OSHA administrative search warrant. Both courts awarded fees, noting that such awards are within the discretion of the Court in contempt proceedings. Furthermore, because such relief is generally considered remedial in nature, the question of whether the civil contempt was willful or not is irrelevant to the decision to award fees. *Burlington Northern*, 781 F.2d at 684: *Perry v. O'Donnell*, 759 F.2d 702, 705 (9th Cir.1985). In *Commodity Futures Trading Commission v. Premex, Inc.*, 655 F.2d 779, 784–86 & n. 11 (7th Cir.1981), the Seventh Circuit implicitly followed this principle when it upheld an award of fees and expenses for a civil contempt after finding that "[g]ood intentions cannot sterilize conduct otherwise contemptuous." Moreover, the court held that such an award may be granted to the government as well as to private litigants. *Id.* at 786. Because we find that as part of the Court's power to enforce civil contempt orders we may award attorneys' fees to the government where a party fails to comply with an administrative search warrant, we overrule St. Charles' objections to Magistrate Rosemond's recommendation of a fee award.

### III. Other Grounds

█ St. Charles raised a variety of other objections to Magistrate Rosemond's report and we briefly address them here. First, St. Charles contended that attorneys' fees

---

**3.** Indeed, this is precisely the argument the Secretary presented in his brief in support of his attorneys' fees motion before Magistrate Rosemond, though the magistrate chose to rely on the statutory argument raised in the motion itself.

could not be awarded because the Secretary did not explicitly request them in his original petition for an order to show cause. As Magistrate Rosemond observed, the Secretary's petition requested an order of civil contempt as well as "an order for such other relief as may be appropriate and the costs of this action." We believe that this was sufficient to sustain the Secretary's later request for attorneys' fees.

Finally, St. Charles poses several "fairness" arguments. First, St. Charles maintains that an award of attorneys' fees is inappropriate because Magistrate Lefkow did not explicitly find that St. Charles acted willfully in failing to comply with the search warrant. As we have already stated, willfulness is irrelevant in determining attorneys' fees because the fees are considered a remedial aspect of enforcing the contempt order, not a punitive sanction. *Burlington Northern,* 781 F.2d at 684: *Perry,* 759 F.2d at 705. This also answers St. Charles' next argument, which is that it was entitled to conduct discovery and have a hearing on the willfulness issue. St. Charles also contends that it was severely prejudiced by the fact that Magistrate Lefkow heard the original contempt proceeding, while the attorneys' fees proceeding was conducted by Magistrate Rosemond who did not oversee the contempt hearing and who did not file his report until April 1986, sixteen months after this Court adopted the contempt order. During this time, St. Charles argues, the Secretary's attorney left the government to go into private practice, thus making it harder for St. Charles to oppose the fee petition. While it is certainly true that this case might have been handled with greater dispatch, there is nothing inherently unfair about the length of the period between the contempt order and the fee award. Furthermore, we cannot comprehend how St. Charles could have been significantly prejudiced by the change in employment by the Secretary's counsel. Accordingly, these objections are also overruled.

## IV. Conclusion

For the reasons set forth above, we hereby allow St. Charles' objections with respect to the award of costs and overrule its objections regarding attorneys' fees. Accordingly, we grant the Secretary's motion for attorney's fees in the amount of $2,661.00, and deny his request for costs in the amount of $96.08. It is so ordered.