UNITED STATES of America, et al., Petitioners,

v.

FAR EAST SUPPLIERS, INC., Respondent.

No. 86–1345–Civ–JLK.

United States District Court, S.D. Florida, Miami Division.

April 1, 1988.

1216

Lynn D. Rosenthal, U.S. Atty., Miami, Fla., for petitioners.

Peter S. Herrick, Miami, Fla., for respondent.

## ORDER GRANTING UNITED STATES' MOTION FOR COSTS AND ATTORNEY'S FEES

JAMES LAWRENCE KING, Chief Judge.

Before the court is the motion of the government to tax its costs and attorney's fees expended in bringing this civil contempt action. After reviewing the record, the court awards $11,876.64 in attorney's fees and $1,256.00 in costs.

A district court has jurisdiction to award attorney's fees in a civil contempt case. The determination of an award is left to the discretion of the trial judge. *See Northside Realty Associates, Inc. v. United States*, 605 F.2d 1348, 1359 n. 23 (5th Cir.1979). These fees and costs are limited to the efforts expended that were necessary to secure the contemptor's compliance with the court's order and to obtain compensation for damages done. *See Thompson v. Johnson*, 410 F.Supp. 633, 643 (E.D. Pa.1976), *affirmed*, 556 F.2d 568 (3rd Cir. 1977). The award of fees and costs is particularly appropriate where the contemptor willfully disregarded a court's order. *See International Brotherhood of Teamsters, Chauffeurs, Warehousemen & Helpers of America, Local 249 v. Western Pennsylvania Motor Carriers Association*, 660 F.2d 76, 84 (3rd Cir.1981). Furthermore, an award of fees and costs is independent of any civil sanction imposed. *Cf. Commodity Futures Trading Commission v. Premex, Inc.*, 655 F.2d 779, 785 (7th Cir.1981).

The United States Attorney has submitted a detailed affidavit delineating the time she spent on this case. She alleges therein that she spent a total of 217.8 hours. Her affidavit reveals that she expended these hours from June of 1986 until October 1987. A review of the items listed in her affidavit shows that the majority of time was spent preparing for the several hearings that were held. Given these considerations, the 217.8 hours expended by the United States Attorney is reasonable, for similar attorneys of like skill in similar cases would have spent approximately the same amount of time.

The parties disagree over an appropriate value for the services. The defendant maintains that the U.S. Attorney is entitled to approximately $17 per hour. He bases this contention upon his belief that because a United States Attorney makes $35,000 a year and works 2,000 hours a year, the appropriate evaluation should be the total salary divided by the number of hours worked or, in this case, $17.50 per hour. The U.S. Attorney contends that she is entitled to $54.53 per hour.

■ The court will utilize the $54.53 figure. No court has found that the U.S. Attorney should be treated differently when attorney's fees are awarded in a contempt action. Accordingly, the United States Attorney is entitled to a reasonable hourly rate to calculate the value of her services. In this case, the court need only determine whether $54.53 per hour is a reasonable rate. Within this district the rate is reasonable, for attorneys of similar skills working on similar matters often charge a reasonable fee in excess of the $54.53 claimed here.

■ In addition to attorney's fees, reasonably necessary expenses may also be recovered in a civil contempt proceeding. The recovery here, however, is limited to expenses necessary to prepare for the contempt hearing only and not for the original suit. *See Thompson v. Johnson,* 410 F.Supp. at 643. The reason for this limitation is that often these expenses are associated with the prosecution or bringing of an original suit and not the maintenance of a contempt action.

Within these guidelines, the court now analyzes the affidavit of costs. The affidavit was submitted by a special customs agent and details the work he and another customs agent spent on this case. Because the court finds that many of the hours expended by agents Carelli and Stroud were necessary for the preparation of a criminal case against the defendant, the court will analyze each of the items listed in Carelli's affidavit.

■ Agent Carelli states first that in June of 1986 he spent approximately 35 hours preparing a show cause affidavit. The court finds this to be an unreasonable amount of time. Most of this time, the court believes, was spent preparing original charges against the defendant. After reviewing the record, the court finds that 3.5 hours is a reasonable indication of the amount of time expended by Agent Carelli in preparing the show cause affidavit. This 3.5 hour figure will be used in the calculation.

The court next notes that Agent Carelli in August 1986 claims he spent 80 hours reviewing documents submitted by defendant in response to the court order. The court order in this case only required the defendant to submit documents that were originally subpoenaed by customs. The agent's time here, therefore, was utilized in preparing for a potential suit against the defendant. This time should not be incorporated into the court's formula.

■ The court next notes that Agent Carelli states in February of 1987 that he spent 50 hours preparing for court. He then notes that in April of 1987 he spent 12 hours preparing for trial and in June 1987 he spent 30 hours preparing for trial. The court finds the total time of 92 hours preparing for trial to be unreasonable. A more reasonable figure would be a total of 20 hours. This finding is based upon this court's review of the record.

■ The court will not utilize Agent Carelli's statement of miscellaneous expenses. The expenses most likely were incurred while preparing a case against the defendant for customs violations and not for this contempt proceeding. Accordingly, the court notes that 78.5 hours were spent by the two officers in preparing for this civil contempt proceeding.

The court now determines a particular value for these services. The court first notes that these men are not lawyers, but law enforcement officials. An appropriate value is the amount of hourly compensation paid by the government to similar law enforcement officials. Based upon the affidavits, the court finds that $16 per hour is a reasonable value.

The court now utilizes this value in calculating the value of the agents' services. A total of 78.5 hours times $16 per hour leads to a total of $1,256. This is an amount reasonably expended as costs in the maintenance of this contempt action.

Accordingly, it is

ORDERED AND ADJUDGED that the government's motion for costs and fees be, and the same is hereby, GRANTED. The United States Government is awarded $11,-

876.64 in attorney's fees and $1,256.00 in costs.

DONE AND ORDERED in chambers at the United States Courthouse, Federal Courthouse Square, Miami, Florida, this 1st day of April 1988.