**In the Matter of the GRAND JURY SUBPOENA OF JUNE 12, 1986.**

**Civ. No. N–86–2126.**

United States District Court, D. Maryland.

June 15, 1988.

**1452**

Jerald J. Oppel, Kevin A. Dunne, and Ober, Kaler, Grimes & Shriver, Baltimore, Md., for Corporation.

Anita Johnson, Office of Consumer Litigation, Dept. of Justice, Washington, D.C., and Breckinridge L. Willcox, U.S. Atty. and

Max Lauten, Esquire, Asst. U.S. Atty., Baltimore, Md., for Government.

## MEMORANDUM

NORTHROP, Senior District Judge.

### I.

On November 20, 1987, this Court held a certain corporation (the Corporation) in contempt for failing to comply with an Order issued October 3, 1986. The October Order directed the Corporation to begin producing documents sought by a Grand Jury subpoena issued June 12, 1986 in connection with the Grand Jury's investigation of illegal practices in the manufacture of prescription drugs. Contempt was entered after over a year of litigation by the government in this Court and others. Even after the entry of judgment against it, the Corporation elected not to produce the materials requested, but rather to pursue its petition for certiorari in the United States Supreme Court. That petition was denied on February 22, 1988 (citation omitted). Since then, the Court has held three hearings [1] in an effort to secure complete production of documents requested almost two years ago. At the second of those proceedings, held March 29, 1988, the Court ordered the government to prepare a memorandum detailing the compensatory damages it has incurred in prosecuting the contempt. That request for relief is now pending before the Court. The Corporation opposes the government's motion.

After reviewing the parties' pleadings, the Court finds that no hearing is necessary. Local Rule 6. For the reasons that follow, the government's motion is granted in part.

### II.

#### A. *Civil Contempt*

■ The principle that civil contempt sanctions may be awarded to compensate an aggrieved litigant is not a new one. In

1. Contempt proceedings were held in this case on March 8, 1988, March 29, 1988 and April 29, 1988.

*United States v. United Mine Workers,* 330 U.S. 258, 302, 67 S.Ct. 677, 700, 91 L.Ed. 884 (1947), the Supreme Court stated:

> Judicial sanctions in civil contempt proceedings may in a proper case be employed for *either or both* of two purposes: to coerce the defendant into compliance with the court's order, *and to compensate the complainant for losses sustained.* Gompers v. Bucks Stove & Range Co., [221 U.S. 418, 448–49, 31 S.Ct. 492, 501, 55 L.Ed. 797 (1911)]. *Where compensation is intended, a fine is imposed payable to the complainant. Such fine must of course be based upon evidence of the complainant's actual loss,* and his right as a civil litigant, to the compensatory fine is dependent upon the outcome of the basic controversy. (Emphasis added).

Thus, a compensatory sanction is not imposed to vindicate the court's authority or to punish the contemnor, but rather serves to make reparation to the injured party, restoring that party to the position it would have held had the court's order been obeyed. *Vuitton et Fils v. Carousel Handbags,* 592 F.2d 126, 130 (2nd Cir.1979).[2] Such fines have been likened to a tort judgment caused by wrongful conduct. *Thompson v. Cleland,* 782 F.2d 719, 722 (7th Cir.1986); *Vuitton et Fils, supra,* 592 F.2d at 130; *Parker v. United States,* 153 F.2d 66, 70 (1st Cir.1946). Once the complainant demonstrates actual losses stemming from the contumacious behavior, the Court is *not free* to exercise its discretion and withhold an order awarding compensatory damages. *Thompson, supra,* 782 F.2d at 722; *G. & C. Merriam Co. v. Webster Dictionary Co., Inc.,* 639 F.2d 29, 41 (1st Cir.1980); *Vuitton et Fils, supra,* 592 F.2d at 130; *Yanish v. Barber,* 232 F.2d 939, 946 (9th Cir.1956); *Parker, supra,* 153 F.2d at 70; *Waterman Co. v. Standard Drug Co.,* 202 F. 167, 172 (6th Cir.1913). There is but one caveat to that rule. A remedial award of attorney's fees and costs is committed to the sound discretion of the district court.[3]

**2.** The distinction between civil and criminal contempt lies in "what ... the court primarily seek[s] to accomplish by imposing sentence" in the proceedings. *Shillitanti v. United States,* 384 U.S. 364, 370, 86 S.Ct. 1531, 1535, 16 L.Ed.2d 622; *Carbon Fuel Co. v. United Mine Workers of America,* 517 F.2d 1348, 1349 (4th Cir.1975); *International Business Machines Corp. v. United States,* 493 F.2d 112, 114–15 (2d Cir.1973), *cert. denied,* 416 U.S. 995, 94 S.Ct. 2409, 40 L.Ed.2d 774 (1974). The purpose of the sanction imposed today is remedial and compensatory. The Court has fashioned its fine to do no more than compensate the government for its actual losses. The sum awarded herein is to be paid to the government, not to the registry of the court. In these circumstances, there can be no doubt that the sanction is not a punitive one. *McComb v. Jacksonville Paper Co.,* 336 U.S. 187, 191, 69 S.Ct. 497, 499, 93 L.Ed. 599 (1949); *Jaques v. Reiss Steamship Co.,* 761 F.2d 302, 305–06 (6th Cir.1985), *cert. denied sub nom, Jacques v. Aldrich,* 475 U.S. 1044, 106 S.Ct. 1259, 89 L.Ed.2d 570 (1986); *TWM Manufacturing Co. v. Dura,* 722 F.2d 1261, 1273 (6th Cir.1983), *cert. denied sub nom, Dura Corp. v. TWM Manuf. Co., Inc.,* 107 S.Ct. 183, 99 L.Ed.2d 117 (1986); *Perfect Fit Industries v. Acme Quilting Co.,* 673 F.2d 53, 57 (2d Cir.), *cert. denied,* 459 U.S. 832, 103 S.Ct. 73, 74 L.Ed.2d 71 (1982); *Carbon Fuel Co. v. United Mine Workers of America, supra,* 517 F.2d at 1349–50; *Folk v. Wallace Business Forms, Inc.,* 394 F.2d 240 (4th Cir.1968).

**3.** There is a split among the circuits over whether there must be a willful contempt of a court order before attorneys' fees may be awarded. Although the Court of Appeals for the Fourth Circuit has not addressed this issue, the Fifth, Sixth, Seventh and Ninth Circuits have permitted fee awards in civil contempt proceedings even though the contempt was not willful. *Cook v. Ochsner Found. Hosp.,* 559 F.2d 270 (5th Cir.1977); *TWM Mfg. Co. v. Dura Corp., supra;* 722 F.2d at 1273; *Commodity Futures Trading Comm'n v. Premex, Inc.,* 655 F.2d 779 (7th Cir. 1981); *Perry v. O'Donnell,* 759 F.2d 702 (9th Cir.1985). The Third Circuit has expressly held that this is an open question. *See International Brotherhood of Teamsters v. Western Pennsylvania Motor Carriers Ass'n.,* 660 F.2d 76, 84, n. 13 (3d Cir.1981). Only the Second Circuit has required a showing of willful noncompliance. *Vuitton et Fils v. Carousel Handbags, supra,* 592 F.2d at 130.

Defendant has not raised this point. But, were the Court required to do so, it would find the Corporation's refusal to honor the Court's October 3, 1986 order "willful." At the hearing in this matter held March 8, 1988, counsel for the corporation confirmed as much when he informed the Court that the defendant had elected to pursue its legal theories rather than comply. That action placed the Corporation in civil contempt; its good faith, standing alone, does not immunize its conduct. *Donovan v. Burlington Northern, Inc.,* 781 F.2d 680, 683–84 (9th Cir.1986); *Matter of Trinity Industries,* 674 F.Supp. 337, 339 (M.D.Fla.1987).

■ It follows from this that the Corporation's citation to this Circuit's decision in *Wilson v. Volkswagen of America, Inc.,* 561 F.2d 494 (4th Cir.1977), *cert. denied,* 434 U.S. 1020, 98 S.Ct. 744, 54 L.Ed.2d 768 (1978) is unhelpful. The factors relevant to that case—one not involving a request for compensatory civil damages—are simply not applicable here. Furthermore, as the government points out, there is ample authority in this jurisdiction for the remedial award it seeks. *Carbon Fuel Co. v. United Mine Workers of America, supra,* 517 F.2d at 1349; *Folk v. Wallace Business Forms, Inc., supra,* 394 F.2d at 244.[4] That the government proved by clear and convincing evidence that the Corporation violated the Court's October 3, 1986 Order is not disputed. That the Corporation had no legal basis for doing so was, in the Court's judgment, never seriously in question. In any event, the Corporation's good faith in resisting the subpoena based upon its view of the prevailing case law determines neither the fact nor the level of civil contempt. *Cook v. Ochsner Foundation Hospital, supra,* 559 F.2d at 272 ("Because damages assessed in civil contempt are oftentimes compensatory ... the mental state of the violater should not determine the level of compensation due."); *Matter of Trinity Industries, Inc., supra,* 674 F.Supp. at 339. The Court finds particularly persuasive the reasoning of the Ninth Circuit in *Donovan v. Burlington Northern, Inc., supra.* In that case, the Ninth Circuit reversed a district court decision refusing to consider a remedial award of attorney fees to the Secretary of Labor. The lower court based its determination upon the Corporation's good faith legal argument in declining to comply with an administrative search warrant. The Ninth Circuit stated:

> The company knew at all pertinent times that a warrant authorizing the search had been issued. True the validity of the warrant's breath remained uncertain in fact until this court determined the issue. In law, however, that determination fixed its validity in all respects *at the time of its issuance. See Donovan v. Burlington Northern, Inc.,* 694 F.2d 1213, 1216 (9th Cir.1982), *cert. denied,* 463 U.S. 1207, 103 S.Ct. 3538, 77 L.Ed.2d 1388 (1983). *Were this not so, the government could never be reimbursed for the expenses incurred in enforcing a warrant determined to be valid only after an appeal. Resistance to a valid warrant need not be without financial risk even in a free society. Id.* at 683–84 (emphasis added).

Those principles obtain here. The only real issue is whether the government has demonstrated by clear and convincing evidence actual losses entitling it to a compensatory award. The Court is satisfied that it has.

### B. *Attorney Fees*

■ Substantial precedent supports an award of attorney fees and costs to the government in circumstances like these. *Id.; Donovan v. Hackney, Inc.,* 769 F.2d 650 (10th Cir.1985), *cert. denied,* 475 U.S. 1081, 106 S.Ct. 1458, 89 L.Ed.2d 715 (1986); *Donovan v. Enterprise Foundry, Inc.,* 751 F.2d 30 (1st Cir.1984); *Commodity Futures Trading Commission v. Premex, Inc., supra; Northside Realty Assocs. Inc. v. United States,* 605 F.2d 1348, 1356 n. 23 (5th Cir.1979); *NLRB v. Johnson Manuf. Co. of Lubbock,* 511 F.2d 153, 158 (5th Cir.1975); *United States v. Far East Suppliers,* 682 F.Supp. 1215, 1216 (S.D.Fla. 1988); *Matter of Trinity Industries, supra,* 674 F.Supp. at 339; *Matter of St. Charles Manuf. Co.,* 663 F.Supp. 310 (N.D. Ill.1987). Those fees and costs are limited to "the efforts expended that were necessary to secure the contemptor's [sic] com-

---

4. The *Folk* Court emphasized:
No one seriously questions the right of the Court to award civil contempt damages which have long been recognized. *Parker v. United States,* 153 F.2d 66, 163 A.L.R. 379 (1st Cir. 1946); *Gompers v. Buck's Stove and Range Co.,* 221 U.S. 418, 31 S.Ct. 492, 55 L.Ed. 797 (1911); *United States v. United Mine Workers,* 330 U.S. 258, 67 S.Ct. 677, 91 L.Ed. 884 (1947); *Weston v. John L. Roper Lumber Co.,* 158 N.C. 270, 73 S.E. 799 (1912). So also as to the right to include attorneys' fees as an element of the award. *Toledo Scale Co. v. Computing Scale Co.,* 261 U.S. 399, 43 S.Ct. 458, 67 L.Ed. 719 (1923); *Fleischmann Distilling Corp. v. Maier Brewing Co.,* 386 U.S. 714, 87 S.Ct. 1404, 18 L.Ed.2d 475 (1967). *Folk, supra* at 244.

pliance with the court's order and to obtain compensation for damages done." *United States v. Far East Suppliers, supra,* 682 F.Supp. at 1216; *Thompson v. Johnson,* 410 F.Supp. 633, 643 (E.D.Pa.1976), *aff'd,* 556 F.2d 568 (3d Cir.1977). That is, "[c]ompensatory civil contempt 'includes losses flowing from noncompliance and expenses reasonably and necessarily incurred in the attempt to enforce compliance.'" *Matter of Trinity Industries, Inc., supra,* 674 F.Supp. at 339 (quoting *Norman Bridge Drug Co. v. Banner,* 529 F.2d 822, 827 (5th Cir.1976)); *accord Rickard v. Auto Publisher, Inc.,* 735 F.2d 450, 458 (11th Cir. 1984). The decision as to the amount of fees falls within the equitable discretion of the Court. *Sizzler Family Steak Houses v. Western Sizzlin Steak,* 793 F.2d 1529, 1534–35, *reh'g denied,* 797 F.2d 982 (11th Cir.1986); *Cook v. Ochsner Foundation Hospital, supra,* 559 F.2d at 272–73. An award of fees and costs is independent of any other civil contempt sanction imposed. *United States v. Far East Suppliers, Inc., supra,* 682 F.Supp. at 1216; *cf. Commodity Futures Trading Commission v. Premex, Inc., supra,* 655 F.2d at 785.

1. *Fees and Costs Requested From November 10, 1988–May 11, 1988*

 ■ A review of the government's request confirms that it seeks fees and costs incurred in prosecuting the contempt. Those expenses would necessarily include fees generated from the commencement of the contempt action until complete compliance with the Court's orders. Based on the government's motion and affidavits, the relevant figures are these:

Attorneys' Fees
Anita Johnson

| | | |
|---|---|---|
| November 1986–November 1987 | 145 | hours @ $64.51/hr. |
| December 1987–March 8, 1988 | 50 | hours @ $64.51/hr. |
| March 8, 1988–May 11, 1988 | 86 | hours @ $64.51/hr. |
| Total: | 281 | hours |

**5.** Previously, courts in this Circuit were required to consider only *Johnson* factors one and five in setting the base or lodestar fee. The remaining factors were then considered in determining whether to adjust the lodestar fee up or down. *Anderson v. Morris,* 658 F.2d 246 (4th Cir.1981). Recently, however, the Fourth Circuit held that all twelve factors must be evaluated in setting the lodestar amount. *Daly v. Hill,* 790 F.2d 1071 (4th Cir.1986).

Agent Time
J. Donald Sherry

| | | |
|---|---|---|
| March 8, 1988 | 2 | hours @ $38.00/hr. |
| April 8, 1988 | 16 | hours @ $38.00/hr. |
| April 29, 1988 | 2 | hours @ $38.00/hr. |
| May 11, 1988 | 48 | hours @ $38.00/hr. |
| Total: | 70 | hours |

Travel

| | |
|---|---|
| March 8, 1988 hearing | $41.20 |
| March 29, 1988 hearing | $41.30 |
| April 29, 1988 hearing | $80.00 |
| Total: | $162.50 |

In this Circuit, the twelve factors to be considered in evaluating the reasonableness of attorney fees are:

(1) the time and labor involved; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fees; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorney; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714, 717–719 (5th Cir.1974).

*Barber v. Kimbrell's Inc.,* 577 F.2d 216, 226 n. 28 (4th Cir.), *cert. denied,* 439 U.S. 934, 99 S.Ct. 329, 58 L.Ed.2d 330 (1978).[5] Several courts have observed that the *Johnson* factors are not readily adaptable to a request by a government agency for attorney fees.[6] *See e.g., Commodity Futures Trading Commission v. Premex, Inc., supra,* 655 F.2d at 786 & n. 14 (concluding that the government's detail of

**6.** One district court commenting on this problem suggested a reason for the difficulty:

Since *Johnson* developed these criteria in the context of a civil rights attorney fees statute that excludes the government by its terms, this awkwardness is not surprising. *See* 42 U.S.C. § 1988 ("The court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee").

*Matter of Trinity Industries, Inc., supra,* 674 F.Supp. at 340 n. 2.

hours expended and related hourly rate appeared reasonable as a whole); *Stubbs v. Commissioner*, 797 F.2d 936, 939 (11th Cir. 1986) (approving an award of attorney fees to the Internal Revenue Service without requiring an affidavit on hours and rate because the amount requested compared favorably to average award in such cases). Notwithstanding this, it is clear that some control must be exercised over government fee requests. Recognizing that, as a practical matter, some of the *Johnson* factors have no application to the government's request, the Court believes the reasonableness inquiry should focus principally on the work performed and the value of the attorney's services.[7]

■ The government submits an affidavit and time logs detailing the hours spent by its attorney. After reviewing those documents, as well as all the pleadings for which an award of fees is sought, the Court does not find the time claimed excessive. Several factors support the Court's conclusion.

First, there can be no disagreement that the legal issues merited a substantial expenditure of time. The Corporation's resistance to the Court's October 3, 1986 Order rested on its claim of privilege under the Fifth Amendment. That decided law confirmed the inapplicability of those protections in this case does not diminish the difficulty of the legal principles involved or the time required to address them. Moreover, the Court's review of the record establishes that in pressing its claim, the Corporation filed a series of lengthy pleadings over almost a two year period. That effort undoubtedly necessitated a substantial commitment of time and resources by defense counsel and support staff. In these circumstances, the Court cannot say

that the time claimed by the government in opposing those motions was unreasonable. This is particularly true when the Court considers that government counsel was obliged to perform certain tasks which, in private practice, would otherwise be assigned to non-attorneys.

Second, nothing in the records and files of this case suggests that counsel's efforts were wasteful or duplicative. In addition to the substantial work required to address the Corporation's legal arguments, government counsel was obligated to attend three hearings. Following each proceeding, additional documents were produced to the Grand Jury.

It follows from this that the Court believes that the results obtained justify the time spent. No court accepted the Corporation's legal theories.[8] After almost two years, full compliance with Court's orders to produce has been accomplished. In sum, it is clear that the hours expended were appropriate for the issues litigated, the stakes involved and the results obtained.

The Corporation does not dispute, nor does the Court perceive, a problem in the government's claimed rate for attorney services. The government contends that its attorney is entitled to $64.51 per hour and appends to its request a fee schedule set by the United States Department of Justice. Correlation of the hourly rate sought to the applicable government service level confirms that government counsel is a senior staff attorney. That her hourly compensation nevertheless falls below that accorded private practitioners in this jurisdiction is beyond question. For this reason, the Court does not believe that it is appropriate to compare the hourly rate applicable to government counsel to corresponding rates in private practice. That comparison would

---

**7.** It is readily apparent that *Johnson* factors four, six, ten and eleven have little or no application to cases involving government counsel. On the other hand, the Court's assessment must necessarily address the novelty and difficulty of the questions involved, as well as the results obtained.

**8.** Defendant resisted the subpoena on the ground that compliance would involve testimonial acts of production on the part of its presi-

dent and dominant shareholder. On December 18, 1986, this Court concluded that defendant's Fifth Amendment claim was meritless on the basis of the Supreme Court's decision in *Bellis v. United States*, 417 U.S. 85, 94 S.Ct. 2179, 40 L.Ed.2d 678 (1974) and this Circuit's decision in *United States v. Lang*, 792 F.2d 1235 (4th Cir. 1986). That judgment was subsequently affirmed by the Fourth Circuit. *In re Grand Jury Subpoena*, 831 F.2d 290 (4th Cir.1987).

invariably favor the government. In the Court's judgment, however, it is sufficient that the rate claimed falls within the range held reasonable for government attorneys in actions identical to this one. *U.S. v. Far East Suppliers, supra,* 682 F.Supp. at 1216–17 ($54.53 per hour held reasonable).

Nor has there been any objection to the costs claimed for agent time and travel time. By affidavit, the government claims reimbursement for the costs incurred by its investigator, Mr. J. Donald Sherry, traveling to and attending the many hearings in this case. The government also seeks compensation for the time spent by Mr. Sherry reviewing documents produced pursuant to the contempt proceedings. In light of the number of hearings held, and the volume of documents produced, the Court is satisfied that the hours claimed are reasonable. The government contends that Mr. Sherry is compensated at a rate of $38.00 per hour. In the absence of any objection to that figure, and in light of the evidence on oath in support of it, the Court finds that hourly rate to be reasonable.

2. *Investigatory Expenses for Repeat Interviews & Grand Jury Testimony*

The government also seeks reimbursement for the compensatory damages, attorney fees and costs it will incur in reinterviewing witnesses and conducting additional Grand Jury proceedings. The government acknowledges that these are not "actual" but merely "anticipated" losses. Whether the government is entitled to be compensated for these expenses cannot be determined until those losses are incurred. In these circumstances, the government is granted leave to file a supplemental memorandum demonstrating the basis for those claims. The Corporation is granted leave to file an opposition to that motion.

In light of the foregoing analysis, the Court finds by clear and convincing evidence, that the government is entitled to the following items as attorney fees and costs:

Anita Johnson 281 hours × $64.51/hr.   =   $18,127.31

Agent time is computed as follows:
J. Donald Sherry 70 hours × $38.00/hr.   =   $2,660.00

Travel costs are computed as follows:
| | |
|---|---|
| March 8, 1988 hearing | $ 41.20 |
| March 29, 1988 hearing | $ 41.30 |
| April 29, 1988 hearing | $ 80.00 |

No exceptional circumstances having been presented, the Court finds that the government is entitled to an award of attorney fees and costs totalling $20,949.81.

## ORDER

In accordance with the foregoing Memorandum, and for the reasons stated therein, IT IS, this 15th day of June, 1988, by the United States District Court for the District of Maryland, ORDERED:

1. That the government's motion for attorney fees and expenses BE, and the same hereby IS, GRANTED;

2. That the Corporation shall pay to the government $20,949.81, representing attorney fees and costs;

3. That the government is granted leave to file a supplemental memorandum detailing any additional compensatory damages attributable to its prosecution of this civil contempt action.

4. That the Corporation is granted leave to file an opposition thereto.

5. That the Clerk of Court shall mail copies of this Order and the foregoing Memorandum to counsel in this case.