**NATIONAL MERCHANT CENTER, INC., Plaintiff,**

v.

**MEDIANET GROUP TECHNOLOGIES, INC., Defendant.**

**Case No. SACV 11–0433–AG(JCGx).**

United States District Court, C.D. California.

Sept. 14, 2012.

David S. Mayes, Jeffrey P. Alpert, Jonathan G. Gabriel, Jonathan Gabriel Law Offices, Encino, CA, for Plaintiff.

Annette F. Mijanovic, Kristo Mijanovic, Haight Brown & Bonesteel LLP, Los Angeles, CA, Sandra I. Tart, Fowler White Burnett, P.A., West Palm Beach, FL, for Defendant.

## ORDER DENYING MOTION FOR ENTITLEMENT TO ATTORNEY FEES

ANDREW J. GUILFORD, District Judge.

After a one-day bench trial, this Court issued a declaratory judgment establishing that Defendant MediaNet Group Technologies, Inc. ("MediaNet") had an immediate right to a disputed Reserve Fund ("Reserve Fund") held by Plaintiff National Merchant Center, Inc. ("NMC").

MediaNet now brings a Motion ("Motion") seeking attorney fees and costs because it was the prevailing party in the declaratory judgment bench trial. Alternatively, it argues that a provision in its contract with NMC authorized attorney fees.

The Court DENIES the Motion as to fees. Costs should be sought separately.

## BACKGROUND

NMC originally filed this action in state court. MediaNet removed this action to federal court under diversity jurisdiction, and MediaNet filed a Counterclaim ("Counterclaim") against NMC and First Data Merchant Service, the bank holding the Reserve Fund. MediaNet alleged breach of contract, breach of implied covenant of good faith and fair dealing, conversion, fraud, negligent misrepresentation, unfair business practices, and express indemnification. It also sought an injunction ordering the immediate return of the Reserve Fund, as well as a declaratory judgment entitling it to the Reserve Fund. After a one-day bench trial solely regarding MediaNet's right to the Reserve Fund, the Court issued a declaratory judgment for MediaNet.

## PRELIMINARY MATTERS

NMC originally objected to MediaNet's Declaration of Krsto Mijanovic ("Mijanovic"), because Mijanovic testified as to fees incurred by another law firm. After NMC filed those objections, the other law firm filed a declaration by one of its own members. MediaNet agreed to push back the hearing date for this Motion to allow NMC time to review the late-filed declaration. The hearing date was continued, and NMC filed a responding declaration, making the original objections moot.

## ANALYSIS

MediaNet raises two grounds for attorney fees. First, it argues that it is entitled to fees under Section 2202 of the Declara-tory Judgment Act, even if those fees are not otherwise authorized under state law or under any contract. *See* 28 U.S.C. § 2202. MediaNet also argues that it is entitled to fees under the terms of the parties' contract.

At this time, MediaNet is only seeking an order that it is *entitled* to attorney fees for prevailing at the bench trial. Fed. R.Civ.P. 54(d)(2)(C) ("The court may decide issues of liability for fees before receiving submissions on the value of services."). It plans to submit subsequent briefing regarding the value of its legal services.

## 1. DECLARATORY JUDGMENT ACT

■ One of the distinguishing features of our country's judicial system is the rule that each party generally pays its own attorney fees, regardless of the outcome of the case. *See, e.g. Alyeska Pipeline Co. v. Wilderness Soc'y*, 421 U.S. 240, 247, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975) (noting that our country's approach to attorney fees is "deeply rooted in our history and in congressional policy"); *see also Donovan v. Burlington N., Inc.*, 781 F.2d 680, 682 (9th Cir.1986) ("In this country, 'the prevailing litigant is ordinarily not entitled to collect a reasonable attorneys' fee from the loser.' ") (quoting *Alyeska*, 421 U.S. at 247, 95 S.Ct. 1612). This fundamental legal tenet, referred to as the American Rule, is designed to stop "losing litigants [from] being unfairly saddled with exorbitant fees for the victor's attorneys[.]" *Alyeska*, 421 U.S. at 251, 95 S.Ct. 1612. It thus encourages parties to vindicate their rights, while relieving the courts of the burden of having to constantly determine what constitutes reasonable attorney fees. *See Fleischmann Distilling Corp. v. Maier Brewing Co.*, 386 U.S. 714, 718, 87 S.Ct. 1404, 18 L.Ed.2d 475 (1967).

■ Of course, Congress can create statutory exceptions to the American Rule.

A prevailing plaintiff can recover attorney fees if there are "specific and explicit provisions for the allowance of attorneys' fees under selected statutes granting or protecting various federal rights." *Alyeska,* 421 U.S. at 260, 95 S.Ct. 1612. But absent a clear statutory command, courts lack the "roving authority" to award attorney fees. *Id.* at 260–62, 95 S.Ct. 1612 ("[T]he circumstances under which attorneys' fees are to be awarded and the range of discretion of the courts in making those awards are matters for Congress to determine,"); *see also Home Sav. Bank, F.S.B. by Resolution Trust Corp. v. Gillam,* 952 F.2d 1152, 1163 (9th Cir.1991) ("Absent Congress's explicit provision for the recovery of fees, ... courts are not free to pick and choose which statutes are worthy of special enforcement incentives and rewards."). Courts may, however, award fees as part of their inherent power to sanction a party for bad faith conduct. *See Alyeska,* 421 U.S. at 257–59, 95 S.Ct. 1612 (courts may award fees if the losing party acted "in bad faith, vexatiously, wantonly, or for oppressive reasons").

■ Because courts usually lack the discretionary power to award fees, generally fee awards are only available in diversity actions when they are authorized under substantive state law. *See, e.g., Champion Produce, Inc. v. Ruby Robinson Co., Inc.,* 342 F.3d 1016, 1024 (9th Cir.2003) ("An award of attorneys' fees incurred in a [federal] lawsuit based on state substantive law is generally governed by state law."). Most states, including California, also follow the American Rule. *See* Cal.Code Civ. P. § 1021. Thus, fee awards are no more available in diversity actions than they are in federal cases.

■ MediaNet now argues that Section 2202 of the Declaratory Judgment Act is a statutory exception to the American Rule. Section 2202 allows courts to award "[f]urther necessary or proper relief based on a declaratory judgment or decree ... against any adverse party whose rights have been determined by such judgment." 28 U.S.C. § 2202. Although this is a diversity case, MediaNet argues that Section 2202 authorizes attorney fees even if such fees would not be available under state law.

MediaNet's argument, while cloaked in the guise of a limited statutory exception, would eviscerate the American Rule. Under MediaNet's proposal, litigants would be able to recover attorney fees by merely including a request for declaratory relief in their complaints. This loophole could become the proverbial camel's nose under the tent, authorizing attorney fee awards that would not otherwise be available.

To avoid this anomalous result, the Court must conclude that the phrase "further necessary or proper relief" is not sufficient authorization for an attorney fee award in this case. *See, e.g., Alyeska,* 421 U.S. at 247, 95 S.Ct. 1612 (holding that it would be "inappropriate" for the Judiciary to "fashion a far-reaching exception to th[e] 'American Rule' "). This interpretation conforms with *Alyeska,* where the Supreme Court found that Congress generally expresses its intent to authorize such fees in "specific and explicit provisions." *Alyeska,* 421 U.S. at 260, 95 S.Ct. 1612. The broad language of Section 2202 falls short of explicitly authorizing attorney fee awards in declaratory judgment lawsuits, especially considering the far-reaching ramifications of the alternative reading.

■ This result squares with the Fifth Circuit, which has firmly held that Section 2202 "does not by itself provide statutory authority to award attorney's fees that would not otherwise be available under state law in a diversity action." *Mercantile Nat'l Bank at Dallas v. Bradford Trust Co.,* 850 F.2d 215, 218 (5th Cir.1988); *see also Royal Indem. Co. v. Kenny*

*Constr. Co.*, 528 F.2d 184, 190 (7th Cir. 1975) (finding that in a declaratory judgment action based upon diversity, liability for attorney fees depends on state law); *compare Gant v. Grand Lodge of Tex.*, 12 F.3d 998, 1003 (10th Cir.1993) ("[A] court has the power in a diversity case to award fees as damages under section 2202 even though they are not recoverable under state law."). While the Court recognizes that it may still award attorney fees if there is bad faith, vexation, wantonness, or oppression, *Alyeska*, 421 U.S. at 257–59, 95 S.Ct. 1612, there is insufficient evidence of that conduct at this time.

### 2. TERMS OF THE PARTIES' CONTRACT

■ MediaNet also argues that it is entitled to attorney fees under Section 26 of its contract with NMC. Section 26 of the contract states: "We agree to indemnify and hold you harmless from and against all losses, liabilities, damages and expenses resulting from any breach . . . by us under this Agreement[.]" NMC replies that this is merely a third-party indemnification clause, and does not support an award of attorney fees in a suit between the parties to the contract.

The Court agrees with NMC that the disputed section is an indemnification provision. This indemnification provision applies to third-party actions, not to breach of contract disputes between MediaNet and NMC. *See, e.g., Campbell v. Scripps Bank*, 78 Cal.App.4th 1328, 1337, 93 Cal. Rptr.2d 635 (2000) (holding that "the inclusion of attorney fees as an item of loss in a third party claim indemnity provision does not constitute a provision for the award of attorney fees in an action on contract").

The fact that NMC attempted to rely on this provision in its own complaint is not significant. *Blickman Turkus, LP v. MF Downtown Sunnyvale, LLC*, 162 Cal. App.4th 858, 897, 76 Cal.Rptr.3d 325 (2008)

(a party claiming attorney fees "must 'establish that the opposing party *actually* would have been entitled to receive them if he or she had been the prevailing party.' ") (citations omitted). NMC would have been similarly barred from recovering attorney fees based on Section 26.

### DISPOSITION

The Court DENIES the Motion as to fees. Costs should be sought separately.

IT IS SO ORDERED.